IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-1313-L-BN |
| | § | |
| THE ATTORNEY GENERAL OF TEXAS, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Tracy Nixon has again filed a *pro se* application for a writ of habeas corpus concerning a civil child-support proceeding in Dallas County (*State of Texas v. Tracy Nixon*, No. DF-00-14691 (301st Jud. Dist. Ct., Dall. Cnty.)). *See* Dkt. No. 3; *see also Nixon v. 301st Jud. Dist. Ct.*, No. 3:06-cv-1787-G, 2007 WL 14282 (N.D. Tex. Jan. 3, 2007) (*Nixon I*); *Nixon v. Brown*, No. 3:17-cv-1257-G-BK, 2017 WL 4053724 (N.D. Tex. Sept. 5, 2017), *rec. accepted*, 2017 WL 4005458 (N.D. Tex. Sept. 12, 2017), *COA denied*, 2018 WL 11445889 (5th Cir. May 7, 2018) (*Nixon II*); *Nixon v. Brown*, No. 3:21-cv-3087-M-BK, 2022 WL 451674 (N.D. Tex. Jan. 19, 2022), *rec. accepted*, 2022 WL 447075 (N.D. Tex. Feb. 14, 2022) (*Nixon III*).

Based on Nixon's allegations, this petition was filed the day after his release (on June 12, 2023) after his arrest for a probation violation related to his child support obligations. *See* Dkt. No. 3 at 6. And Nixon requests that the Court enter an order declaring that the state court's "order enforcing child support and medical support obligation[s] be held unconstitutional" and that he be "released from unlawful

restraint [and] set free at liberty to travel abroad." *Id.* at 7.

United States District Judge Sam A. Lindsay referred Nixon's latest habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to Nixon's right to pursue and exhaust available state remedies.

## Discussion

As judges of this Court have explained to Nixon,

[t]he primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. *See e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see also* 28 U.S.C. § 2254(a). While the "in custody" language of the habeas statute does not require a litigant to be in physical custody, it requires that a litigant establish some additional restriction on his liberty. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) (holding that a petitioner released on his own recognizance pending execution of sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (the custody requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general). Conditions imposed which "significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do ... are enough to invoke [habeas corpus]." *Jones*, 371 U.S. at 243 (holding that person released on parole was in custody for purposes of habeas corpus jurisdiction). However, not every restraint on liberty is significant enough to meet this test.
    The Supreme Court in *Hensley* listed three considerations when determining if a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not on the general public; (2) whether incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether holding that there is no custody simply

> postpones the habeas case until the petitioner is in jail. *Hensley*, 411 U.S. at 351-53.

*Nixon II*, 2017 WL 4053724, at *2; *see id.* at *3 (finding that Nixon "failed to show that he is sufficiently restrained to invoke the Court's jurisdiction over his habeas petition"); *Nixon III*, 2022 WL 451674 (same).

But, assuming that Nixon is significantly restrained such that the Court has jurisdiction over this petition, he still must exhaust available state remedies.

As judges of this Court have twice explained to Nixon,

> [i]n Texas, the only method to challenge a contempt order (if the contemnor is confined and the matter stems from a civil law matter) is through an original habeas corpus proceeding in the Texas Supreme Court and intermediate courts of appeals. *See* TEX. R. APP. P. 52; *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (civil and criminal contempt order presented to the Texas Supreme Court in an original habeas corpus proceeding); *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996) (per curiam) (same); *Ex parte Barnett*, 600 S.W.2d 252, 253 (Tex. 1980) (same). The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Art. V, § 3 and Texas Government Code § 22.002(e) (Vernon Supp. 2006) (formerly TEX. REV. CIV. STAT. ANN. art. 1737). Concurrently with the Texas Supreme Court, the Texas intermediate appellate courts have jurisdiction to issue such writs in cases related to divorce, spouse or child support, or child custody as prescribed by Texas Government Code § 22.221(d) (Vernon Supp. 2006) (formerly TEX. REV. CIV. STAT. ANN. art. 1824a).

*Nixon II*, 2017 WL 4053724, at *3 (quoting *Nixon I*, 2007 WL 14282, at *2); *see also, e.g.*, *Rosa v. Denton Cnty. Child Support Agency*, No. 4:21cv585, 2021 WL 4823281, at *1 (E.D. Tex. Aug. 23, 2021) ("In Texas, the only method to challenge a contempt order is through original habeas corpus proceedings in the court of appeals and Texas Supreme Court." (citations omitted)), *rec. adopted*, 2021 WL 4819615 (E.D. Tex. Oct. 5, 2021).

Concerning the current habeas claims, Nixon has not shown that he has exhausted available state remedies accordingly. *See, e.g.*, Dkt. No. 3 at 3-4. So the Court should dismiss this habeas petition without prejudice, to allow Nixon to do so.

## Recommendation

The Court should dismiss the pending habeas action without prejudice to Tracy Nixon's right to pursue and exhaust available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE