IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY NIXON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:23-CV-1313-L-BN** |
| | § | |
| **THE ATTORNEY GENERAL** | § | |
| **OF TEXAS,** | § | |
| | § | |
| Respondent. | § | |

# **ORDER**

On October 20, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered. The Report notes that this is one of several habeas petitions filed by Petitioner concerning a civil child-support proceeding in Dallas County, Texas. The Report questions whether Petitioner, who was released from custody the day after filing his current habeas petition, is significantly restrained to invoke the court's jurisdiction. The Report nevertheless concludes that, even assuming that Petitioner is sufficiently restrained, he must still exhaust available state remedies. Having failed to do so despite being previously advised that he must do so, the Report recommends that the court once again dismiss without prejudice this habeas action for failure to exhaust administrative remedies.

On November 1, 2023, Petitioner filed objections to the Report (Doc. 5). His objections do not address the magistrate judge's basis for recommending that his habeas petition be dismissed without prejudice. These objections are, therefore, **overruled.** On November 14, 2023, Petitioner filed his First Amended Objection (Doc. 6), but the objection was filed eight days after the deadline for filing objections pursuant to Federal Rule of Civil Procedure 72(b) and without leave of court. Accordingly,

**Order – Page 1**

the court does not consider Petitioner's First Amended Objection and **strikes** this document (Doc. 6).

Having considered Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was *timely* made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action as a result of Petitioner's failure to exhaust administrative remedies.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice

---

[*] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 20th day of November, 2023.

                                       Sam A. Lindsay
                                       United States District Judge